■ In the Matter of STEVEN VENTURA, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York and as Chair of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [722 NYS2d 859] —Determination of respondent Police Commissioner, dated November 17, 1998, which dismissed petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Sheila Abdus-Salaam, J.], entered on or about September 23, 1999), dismissed, without costs.

Respondent's finding that petitioner caused physical injury to the complainant while the latter was handcuffed and in petitioner's custody, and thereby committed assault in the third degree (Penal Law § 120.00), is supported by substantial evidence, including the complainant's testimony, and the medical evidence, generated by the ambulance service and hospital emergency room where the complainant was treated moments after leaving the station house. No basis exists to disturb respondent's findings of credibility (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). The penalty of dismissal does

not shock our sense of fairness. We have considered petitioner's other arguments, including that the penalty was based on disciplinary charges outside of the record, and find them to be without merit. Concur—Sullivan, P. J., Williams, Andrias, Rubin and Friedman, JJ.